```
UNITED STATES DISTRICT COURT
   DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Isaiah Jordan Smith, #370258,<br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Michael Stephan,<br>Brandi Lathan,<br>Devin Carter,<br>M. Jackson,<br>Lt. Colbert,<br>Lt. Level, Jr.,<br>Eric Ramos,<br>E. Labrador and<br>Nurse White,<br>　　　　　　　　　　　Defendants. | C/A No.  4:19-2742-SAL-TER<br><br>ORDER |

　　　　This case is before the Court because of Plaintiff's failure to comply with the Magistrate Judge's Order of January 22, 2020. (ECF No. 28).  A review of the record indicates that the Magistrate Judge ordered Plaintiff to submit additional information needed to complete service of process on Defendants Jackson and White within fourteen days and specifically informed Plaintiff that if he failed to do so,  Defendants Jackson and White would be subject to dismissal.  The Court has not received any response from Plaintiff ,and the time for compliance has passed.  Plaintiff has not submitted additional information for the U.S. Marshals to serve Defendants Jackson and White, and a prior attempt to serve resulted in unexecuted summonses.

　　　　The mail in which the Order was sent to Plaintiff at the address provided  has not been returned, thus it is presumed that Plaintiff received the Order.

　　　　Plaintiff's lack of response indicates an intent to not prosecute this case against Defendants Jackson and White, and subjects these defendants to dismissal.  *See* Fed. R. Civ. P. 41(b); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal with prejudice appropriate where

warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (court may dismiss *sua sponte*). A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. In considering whether dismissal is appropriate pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of plaintiff's responsibility in failing to respond;
>
> (2) the amount of prejudice to the defendant;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69 (4th Cir. 1978). In the present case, Plaintiff is proceeding *pro se* and he is entirely responsible for his actions. It is solely through plaintiff's own neglect, and not that of an attorney, that Plaintiff has not provided additional information in order to complete service on Defendants Jackson and White. Plaintiff was previously warned that "[t]he providing of sufficient, accurate, and complete information on the Form USM-285 is the responsibility of Plaintiff." (ECF No. 28). The court has "inherent power to manage its docket in the interests of justice." *Luberda v. Purdue Frederick Corp.*, No. 4:13-cv-00897, 2013 WL 12157548, at *1 (D.S.C. May 31, 2013). It also has the authority expressly recognized in Rule 41(b) to dismiss actions for failure to prosecute. Fed. R. Civ. P. 41(b). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).

Accordingly, Defendants Jackson and White are dismissed from this action without prejudice

pursuant to Fed. R. Civ. Proc. 41(b).

**IT IS SO ORDERED.**

March 2, 2020
Florence, South Carolina

/s/ Sherri A. Lydon
The Honorable Sherri A. Lydon
United States District Judge